UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | |
| v. | | Case No. 12-206 (ABJ) |
| THE FEDERAL TRADE COMMISSION | | |
| Defendant. | | |

**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND
REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION**

On March 1, 2012, Google, Inc. proposes to make substantial changes in its business practices. EPIC alleges that the company's actions violate a 2011 FTC Consent Order that arose from EPIC's 2010 complaint. EPIC brought this action to enforce the FTC's order. The government has opposed this motion and moved to dismiss EPIC's complaint because "FTC Enforcement Decisions are Not Subject to Judicial Review." Def. Mem. at 5. The government provides no authority for this extraordinary proposition.[1] Indeed, the cases cited by the

---

[1] Courts in this Circuit begin with "the strong presumption that Congress intends judicial review of administrative action . . . and that the court will not deny review unless there is persuasive reason to believe that such was the purpose of Congress." *Ramah Navajo Sch. Bd., Inc. v. Babbitt,* 87 F.3d 1338, 1343-44 (D.C. Cir. 1996). Courts asked to consider whether agency action is unreviewable "consider each argument in light of 'the strong presumption that Congress intends judicial review of administrative action.' . . . Accordingly, each category of non-reviewability must be construed narrowly." *Amador County v. Salazar*, 640 F.3d 373 (D.C. Cir. 2011) (citing *Bowen v. Mich. Acad. of Family Physicians,* 476 U.S. 667, 670 (1986) and *Abbott Labs. v. Gardner,* 387 U.S. 136, 141 (1967)) (finding that a district court erred in holding that the APA precludes judicial review of enforcement action.); *accord Mistick PBT v. Chao*, 440 F.3d 503 (D.C. Cir. 2006) (affirming a district court that found agency enforcement action subject to judicial review).

1

government, as well as additional authority set out below by EPIC, point to the opposite conclusion: the FTC's failure to enforce a final order under the FTC Act ("FTCA") is subject to judicial review. EPIC's motion for a temporary restraining order and preliminary injunction should be granted, and the government's motion to dismiss should be denied.

I.   *Chaney* **Does Not Preclude Judicial Review of This Matter**

To begin, the *Chaney* Court did not "h[o]ld" that "agency decisions not to initiate enforcement actions are not subject to judicial review: . . ." Def. Mem. at 6. The Court "conclude[d]" that "the *presumption* that agency decisions to *institute proceedings* are unreviewable under 5 U.S.C. § 701(a)(2) is not overcome by the *enforcement provisions of the [Federal Food, Drug, and Cosmetic Act]*." *Heckler v. Chaney*, 470 U.S. 821, 837 (1985) (emphasis added). The Court's actual holding provides three distinct reasons to distinguish the matter now before this Court.

First, *Chaney* did not bar judicial review of agency action. *See Block v. SEC,* 50 F.3d 1078, 1082 (D.C. Cir. 1995) ("The presumption against judicial review in *Chaney* is not irrebuttable."). The Court said that if Congress has "provided meaningful standards for defining the limits of that discretion, there is 'law to apply' under § 701(a)(2), and courts may require that the agency follow that law." *Heckler*, 470 U.S. at 835-36. *See Padula v. Webster*, 822 F.2d 97, 100 (D.C. Cir. 1987). ("an agency, even one that enjoys broad discretion, must adhere to voluntarily adopted, binding policies that limit its discretion.")

Section 45(l) of the FTCA and the FTC Consent Order provide the "law to apply" in this matter. The enforcement provision in the FTCA states unambiguously that a person "who violates an order of the Commission after it has become final" shall pay a civil penalty. 15 U.S.C. § 45(l). The Consent Order is a final order of the Commission that sets out specific terms, the

2

violation of which would trigger the enforcement provision. The text of the Consent Order provides the "meaningful standard" that the courts can apply. *See Heckler,* 470 U.S. at 834.

The government's opposition does not even address the "law to apply" doctrine, *see Dunlop v. Bachowski,* 421 U. S. 560 (1975); *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402 (1971), but the *Chaney* court did at length, *Heckler,* 470 U.S. at 826, 834-36, as has the DC circuit court and DC district courts when confronted with the question of whether final rules are subject to judicial review. *See, e.g. Mistick PBT,* 440 F.3d at 509; *Giacobbi v. Biermann,* 780 F. Supp. 33, 37 (D.D.C. 1992). Agency regulations provide "law to apply" if they "set out specific criteria that are capable of review." *Mistick PBT,* 440 F.3d at 509 (conformance regulations set out specific criteria that are capable of review.); *Giacobbi*, 780 F. Supp. at 37 (finding that the agency enforcement provision and the agency regulation constitute law to apply.)[2]

Significantly, the *Chaney* Court dismissed a "policy statement" as "law to apply" because it was "vague," not an agency rule, unrelated to enforcement power, and contrary to "express assertion of unreviewable discretion." *Heckler*, 470 U.S. at 836. On each point, the FTC Consent Order produces the opposite conclusion: it is precise, made final through a public-rulemaking, directly tied to the agency's enforcement power, and explicitly described in the agency's enforcement provision. Further, the *Chaney* Court's analysis of the policy statement acknowledged that the agency itself could generate the "law to apply" on which a court could rely. *Heckler,* 470 U.S. at 839.

---

[2] To the extent that the government steers near this territory, it asserts the "presumption of unreviewability 'may be rebutted where the substantive statute has provided guidelines for the agency to follow in exercising its enforcement powers.' *Id*. at 833. The FTC Act provides no such guidelines." Def. Mem. at 7. The government simply ignores the significance of the Consent Order as "law to apply" and the cases, including *Chaney*, which establish that agency policies, and most certainly final orders, provide meaningful standards for courts to apply.

The presence of "law to apply" is sufficient to overcome the presumption against unreviewability in *Chaney*. *Heckler,* 470 U.S. at 834-35. That is enough to answer the government's opposition in this matter. There are two additional reasons to distinguish *Chaney*.

The *Chaney* court was concerned about judicial review of decisions by agencies to *initiate* actions. The Court repeatedly used the phrase "institute proceedings," including investigations, *Heckler,* 470 U.S. at 825, 832, and 835-36, to emphasize that the question before the Court was whether the FDA could be compelled to *begin* an enforcement action. Indeed, Respondent in *Chaney* had urged the FDA to "take various investigatory and enforcement actions" which the FDA Commissioner declined to do.[3]

EPIC has not asked the FTC to "institute proceedings;" it has asked the agency to enforce a final order that resulted from the agency's own prior investigation and enforcement actions. Far from the analogy to prosecutorial discretion that the government proffers, the much closer analogy is to enforcement of a breach of contract, as the Consent Order constitutes a "legally binding commitment enforceable under § 706(1)." *See Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 71-72 (2004) (a land use plan is not a binding commitment because it creates future obligations without necessary funding, however action "may be compelled when the plan merely reiterates duties the agency is already obligated to perform, . . .") This is not a question that is subject to a wide variety of answers as may be the case when the agency seeks to decide which matters to pursue or how best to pursue them. This is a "discrete agency" action. As the Court

---

[3] Respondents had asked the FDA to "affix warnings to the labels of all the drugs stating that they were unapproved and unsafe for human execution, to send statements to the drug manufacturers and prison administrators stating that the drugs should not be so used, to adopt procedures for seizing the drugs from state prisons and to recommend the prosecution of all those in the chain of distribution who knowingly distribute or purchase the drugs with intent to use them for human execution." *Heckler*, 470 U.S. at 824.

also explained in *Utah Wilderness Alliance,* "The important point is that a 'failure to act' is properly understood to be limited . . . to a discrete action." *Norton*, 542 U.S. at 63.

Third, the enforcement statute at issue in *Chaney* is very different from the one before this Court. That statute contained vague terms and was "drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Heckler*, 470 U.S. at 830. In contrast, Section 45(l) could hardly be more precise.

### II.     The Enforcement Provision in 15 USC 45(l) is Nondiscretionary

The government contends that section 45(1) is permissive and turns to *Chaney* for support. "[T]he statute at issue in Chaney was similar to the FTC Act." Def. Mem. at 6, 8. The government confuses the plain terms of that statute and misconstrues the Supreme Court's reasoning. The *Chaney* Court, reviewing the enforcement provision in the Food, Drug, and Cosmetic Act ("FDCA"), emphasized that the "Act's general provision for enforcement provides only that '[the] Secretary is *authorized* to conduct examinations and investigations . . .' (emphasis added)." *Heckler*, 470 U.S. at 835. The Court also noted the "shall" language on criminal sanctions "is commonly found" in the criminal code. *Id.* The Court further found that the FDCA "charges the Secretary only with recommending prosecution; any criminal prosecutions must be instituted by the Attorney General." *Id.* at 836. On this basis, the Court concluded, "The Act's enforcement provisions thus commit complete discretion to the Secretary to decide how and when they should be exercised." *Id.* at 835.

Correctly understood, the language in the FDCA highlighted by the government favors EPIC. Section 45(l), *in contrast to the FDCA*, places the *discretion* with the Attorney General and makes *mandatory* the duty of the Agency to enforce the Act:

> Any person, partnership, or corporation who violates an order of the Commission after it has become final, and while such order is in effect, *shall* forfeit and pay to

5

> the United States a civil penalty of not more than $ 10,000 for each violation, which shall accrue to the United States and *may* be recovered in a civil action brought by the Attorney General of the United States.

15 U.S.C. 45(l) ("Penalty for violation of order") (emphasis added). The government contends that section 45(l) imposes no duty, "the alleged duty," Def. Mem. at 7, on the Federal Trade Commission to enforce the Federal Trade Commission Act. First, as the government elsewhere notes, the FTC has sole authority to initiate enforcement under section 45(l) of the FTCA. Def. Mem. at 2, 7 n.4. Second, no party would voluntarily pay a civil penalty to the government absent an enforcement action, *i.e.* the enforcement provision is not self-executing. Third, under the government's reasoning, there would be no circumstance, including outright bribery or other malfeasance, under which the agency's failure to pursue enforcement of a final order would be subject to judicial review.

Remarkably, the government has also ignored this circuit's recent holding in *Sierra Club v. Jackson*, 648 F.3d 848 (D.C. Cir. 2011), which addressed directly the significance of "shall" and "may" in an enforcement provision. In that case, the court considered the express language of 42 U.S.C. § 7447 (the Clean Air Act), which included the "close juxtaposition of the mandatory 'the Administrator shall' with the permissive 'the State may . . ." *Sierra Club*, 648 F.3d at 855. That construction is almost identical to the mandatory "shall" and the permissive "may" found in section 45(l). Writing for the Court of Appeals for the D.C. Circuit, Chief Judge Sentelle stated that the Sierra Club's textual argument that § 7447 places "a mandatory, judicially-reviewable duty upon the Administrator . . . carries considerable weight."

> As we have repeatedly noted, "shall" is usually interpreted as "the language of command." *See, e.g., Zivotofsky v. Sec'y of State,* 571 F.3d 1227, 1243 (D.C. Cir. 2009) (quoting *Escoe v. Zerbst*, 295 U.S. 490, 493 (1935)); *Allied Pilots Ass'n v. Pension Benefit Guar. Corp.,* 334 F.3d 93, 98 (D.C. Cir. 2003); *Southwestern Bell*

6

>*Corp. v. FCC*, 43 F.3d 1515, 1521 (D.C. Cir. 1995). In addition, when a statute
>"uses both 'may' and 'shall,' the normal inference is that each is used in its usual
>sense—the one act being permissive, the other mandatory." *Oljato Chapter of the
>Navajo Tribe v. Train,* 515 F.2d 654, 662 (D.C. Cir. 1975) (quoting *Anderson v.
>Yungkau,* 329 U.S. 482, 485 (1947)).

*Id*. at 856 (internal citations omitted). The Court subsequently found that the qualifier "as necessary" provided "no guidance to the Administrator or to a reviewing court" and concluded, on that basis, that the provision left "to the Administrator's discretion to determine what action is 'necessary.'" *Id.* at 856. No similar term is found in §45(l). That provision carries at least as much weight as did the provision in *Sierra Club*. The Attorney General "may" bring a civil enforcement action; the district courts are empowered to grant such other relief "as they deem appropriate." Every term chosen by Congress with regard to the obligation of the Federal Trade Commission to seek a penalty for a violation of a final order is set out in "the language of command." *Sierra Club* at 856.

Plainly, the enforcement provision in the FTCA before the court in this matter differs significantly from the enforcement provision of the FDCA before the Supreme Court in *Chaney,* following the reasoning of the D.C circuit in *Sierra Club*.

**III.     The Government's Motion to Dismiss Should be Denied**

The government offers the court alternative theories to dismiss this matter. The 12(b)(1) argument is cursory, cites authority contrary to the government's position, and is readily put aside. Def. Mem. at 3. In *Hagans v. Lavine,* 415 U.S. 528 (1973), the Court *reversed* a court of appeals that had ruled that "petitioners had not tendered a substantial constitutional claim and ordered dismissal of the entire action for want of subject matter jurisdiction." *Id.* at 536. The Court said:

>Jurisdiction . . . is not defeated as respondents seem to contend, by the possibility
>that the averments might fail to state a cause of action on which petitioners could

> actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy.

*Id*. at 542 (*quoting Bell v. Hood*, 327 U.S. 678 (1946))

The government's citation to *Oneida Indian Nation* is equally odd since the Supreme Court in that case included the qualifier, absent in the government's memo, that the claim "*cannot be said to be* so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy . . ." *Oneida Indian Nation of N.Y. v. County of Oneida,* 414 U.S. 661, 666 (1973) (emphasis added). Even the government's reliance on *Nietze v. Williams*, 490 U.S. 319, 327 n. 6 (1989), on careful inspection, refutes its own claim. There the Court pointed out that a 12(b)(6) motion operates "on the assumption that the factual allegations in the complaint are true." *Nietze*, 490 U.S. at 326. The Court said "[w]hat Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations. District court judges looking to dismiss claims on such grounds must look elsewhere for legal support." *Id.* With the ellipsis removed and the complete text provided, this is how the footnote in *Nietze* cited by the government actually reads: "A patently insubstantial complaint may be dismissed, for example, for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Nietze*, 490 U.S. at 327 n.6.

The government's 12(b)(1) motion proffers no theories that this court lacks subject matter jurisdiction, and the cases it cites for its rhetorical flourishes refute its legal arguments. If the government were actually interested in this Circuit's standard to grant a 12(b)(1) motion in a similar case involving the Administrative Procedures Act, it would have confronted *Sierra Club v. Jackson,* 724 F.Supp. 2d 33 (D.D.C. 2010) *aff'd on other grounds*, 648 F.3d. 848 (D.C. Cir.

2011). There the DC Circuit found that the District Court had subject matter jurisdiction under 12(b)(1). As Judge Ginsburg, writing for a unanimous panel, explained, 28 U.S.C. § 1331 grants a district court "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States" and thereby "confer[s] jurisdiction on federal courts to review agency action." *Oryszak v. Sullivan,* 576 F.3d 522, 524-25 (D.C. Cir. 2009) (citing *Califano v. Sanders,* 430 U.S. 99, 105 (1977) and *Chrysler Corp. v. Brown*, 441 U.S. 281, 317 n.47 (1979)).

The government's 12(b)(6) claim is simply that that the "APA precludes judicial review of agency action 'committed to agency discretion.'" Def. Mem. at 3. In support of this point, the government cites two cases, *Baltimore Gas and Electric Co. v. FERC,* 252 F.3d 456 (D.C. Cir. 2001) and *Oryszak v. Sullivan*, 576 F.3d 522 (D.C. Cir. 2009). In *Baltimore Gas,* the court found "[a]t every turn, the [Natural Gas Act] confirms that FERC's decision how, or whether, to enforce that statute is entirely discretionary. Nowhere does the act place an affirmative obligation on FERC to initiate an enforcement action, nor does it impose limitations on FERC's discretion to settle such an action." *Baltimore Gas,* 252 F.3d at 460-61. The panel repeatedly emphasized the presence of "may" throughout the enforcement provision: "The NGA states that FERC '*may* in its discretion bring an action' against a violator of the act. . . . It also provides that the Commission '*may* investigate' any possible violations. . . . FERC's regulations contain equally discretionary language: the Commission '*may* initiate administrative proceedings . . . or take other appropriate action.'" Id. at 461 (emphasis in original, statutory citations omitted).

The language in section 45(l) of the FTCA could not be more different. As the *Baltimore Gas* court itself stated, "[i]f Congress had intended to cabin FERC's enforcement discretion, it could have used obligatory terms such as 'must,' 'shall,' and 'will,' not the wholly precatory

9

language it employed in the act." *Id*. at 461. That is precisely what the Congress did with the enforcement provision of the FTC Act.

In *Oryszak*, the other case that the government cites, the circuit court affirmed a 12(b)(6) dismissal where the district court concluded that the revocation of a security clearance was committed to the discretion of the Secret Service. The court emphasized that "the grant of security clearance to a particular employee, a sensitive and inherently discretionary judgment call, is committed by law to the appropriate agency of the Executive Branch." *Oryszak,* 576 F.3d, at 525 (Citing *Dep't of the Navy v. Egan,* 484 U.S. 518, 527(1988)). There is no indication in the FTCA or elsewhere that any similar considerations weigh on the FTC's decision to enforce a final order.

Neither case cited by the government supports the conclusion that EPIC's complaint should be dismissed under 12(b)(6).

## IV. The APA Provides the Court with the Authority to Act in this Case

The APA provides the legal basis for EPIC to challenge the FTC's failure to act and provides the Court with the authority to compel the Commission enforce the Consent Order. *Utah Wilderness Alliance* states:

> APA authorizes suit by "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. Where no other statute provides a private right of action, the "agency action" complained of must be "*final* agency action." § 704 (emphasis added). . . .The APA provides relief for a failure to act in § 706(1): "The reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed."

542 U.S. at 61-62. The enforcement of the Consent Order prior to a date certain constitutes the agency action unreasonably withheld.[4] The APA requires the reviewing court to compel agency action.

The government citation to *SEC v. Prudential Securities* does not alter this rule. That case concerned intervention under Fed. R. Civ. P. 24(b) and not the APA. 136 F.3d 153, 158 (D.C. Cir. 1998). Similarly, *Rafferty v. NYNEX Corp.,* 60 F.3d 844, 849 (D.C. Cir. 1995), involved a third party beneficiary claim, wholly apart from the explicit language set out in section 702 of the APA.

In *Consumer Federation of America,* 515 F.2d 367 (D.C. Cir. 1975), the organization sought judicial review of a challenge to an FTC cease and desist order. The DC Circuit, following the admonition of *Abbott Laboratories v. Gardner*, 387 U.S. 136, 141 (1967) that a "statutory prohibition of judicial review will be found only upon a showing of 'clear and convincing evidence' of legislative intent to prohibit review," concluded that the 1914 legislative debate constituted such clear and convincing evidence. *Id*. at 370. The court never reached the question as to whether a party that initiated the action could seek enforcement of the agency's final order, nor was that issue before the court.

Section 706(1) of the APA authorizes a federal court to "compel agency action unlawfully withheld or unreasonably delayed." *Utah Wilderness Alliance*, 542 U.S. at 57, 62. That case provides further clarification of the matter now before this court. "A 'failure to act' is not the same things as a 'denial.' . . . The important point is that a 'failure to act' is properly understood to be limited . . . to a discrete action." *Id.* at 63 (emphasis in original). In *Consumer*

---

[4] The government makes the surprising claim that EPIC is "forcing the Commission to bring a particular enforcement action within an arbitrary time limit." Def. Mem. at 11. If the government is unaware that Google plans to make a substantial change in its business practices on March 1, 2012, it should turn on a computer connected to the Internet.

*Federation of America*, the FTC denied the organization's petition and the court concluded that such a decision is not subject to judicial review. But where the matter involves a "failure to act," the focus of § 706(1), the court is authorized to compel agency action. That is the current case.

As to the 706(1) requirement that the action is "legally *required*," *Utah Wilderness Alliance,* 542 U.S. at 63 (emphasis in original), the plain language of section 45(l) makes clear that Congress intended the FTC to enforce its final orders. Moreover, the Congress expressly empowered the courts to enforce the final orders of the FTC. As a District of Columbia district court recently stated: "[T]he FTC Act expressly provides district courts with the authority to 'grant mandatory injunctions and such other and further relief as they deem appropriate in the enforcement of such final orders of the commission.'" *U.S.A. v. Daniel Chapter One,* 793 F.Supp 2d 157, 162 (D.D.C. 2011) (quoting 15 U.S.C. § 45(l)).

The court in *Daniel Chapter One* had no difficulty assessing a complex Modified Final Order and determining that "interim injunctive relief is warranted." *Id*. at 163. The court concluded:

> The Court further finds that the equities weigh in favor of emergency injunctive relief. Specifically, and in view of the fact that plaintiff is likely to succeed on the merits, the Court finds that there is no strong interest in not granting the preliminary relief sought here. Indeed, the Court agrees that "'[t]here is no hardship to [defendants] in requiring them merely to follow the law - to refrain from making misrepresentations to consumers they contact.'"

*Id.* (quoting *FTC v. City West Advantage, Inc.,* No. 08-609, 2008 U.S. Dist. LEXIS 71608, 2008 WL 2844696, at *6 (D. Nev. July 22, 2008).

### V.     Standard of Review

As this court has previously stated, the "frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction." *Defending Animal Rights Today and Tomorrow v. Washington Sports and*

*Entertainment*, 786 F.Supp. 2d 373, 376 (D.D.C. 2011) (citing *Winter v. Natural Resource Defense Council,* 555 U.S. 7, 21 (2008) (emphasis in original). That is clearly the case here.

As EPIC has explained, a company subject to a final order of the Commission has announced its intent to make sweeping changes in its business practices on March 1, 2012. The date certain is significant to find a nondiscretionary duty. *Sierra Club,* 724 F. Supp at 38 n. 2.[5]

Even the company concedes that this is a sweeping change. It has engaged in its most extensive advertising effort ever. Every single user of a Google service, and there are hundreds of millions in the United States, is greeted now with the following message: "We're changing our privacy policy and terms. This stuff matters."[6]

Assuming that EPIC is correct that the company's changes violate the Consent Order and that Google goes forward as planned, the irreparable injury alleged is not only "likely." It is certain. Moreover, this matter is not moot because it is "capable of repetition." *American Wild Horse Preservation Campaign v. Salazar*, 800 F.Supp. 2d 270, 274 (D.D.C. 2011). If the court fails to act now, the combining of the "covered information" of "Google users" will "be completed before the court can act." *Id. Consent Order* at 2-3.

**CONCLUSION**

The government's concluding argument sidesteps the claims that EPIC has put before this Court. Whether or not the FTC "takes very seriously the need to protect the privacy of consumers" or successfully pursues its various other programs and activities is not relevant, Def. Mem. at 10-12; the question is whether the Commission's failure to enforce a final order is subject to judicial review. As the agency's failure to act prior to March 1, 2012 would constitute

---

[5] "A nondiscretionary duty of timeliness may arise even if a deadline is not explicitly set forth in the statute, if it is readily-ascertainable by reference to some other fixed date or event." *Id.* (Quoting *Sierra Club v. Thomas,* 828 F.2d 783, 790 (2nd Cir. 1987).

[6] Just about every Google web site currently displays this message or a similar message.

irreparable injury, EPIC respectfully asks this Court to deny the government's motion to dismiss and to grant EPIC's motions for a temporary restraining order and preliminary injunction.

Respectfully submitted,

By:    */s/ Marc Rotenberg*
Marc Rotenberg, Esquire (DC Bar # 422825)
John Verdi, Esquire (DC Bar # 495764)
ELECTRONIC PRIVACY INFORMATION CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20009
(202) 483-1140 (telephone)
(202) 483-1248 (facsimile)

Dated:  February 21, 2012

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on the 21st day of February, 2012, he caused the foregoing OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION to be served by ECF on the following:

DRAKE CUTINI
Consumer Protection Branch
Civil Division
Department of Justice
P.O. Box 386
Washington, DC 20044
(202) 307-0044
drake.cutini@usdoj.gov

    /s/ Marc Rotenberg
MARC ROTENBERG
JOHN VERDI
Electronic Privacy Information Center
1718 Connecticut Ave. NW
Suite 200
Washington, DC 20009
(202) 483-1140
*Counsel for Plaintiff*